IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALVIN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-398-D |
| | ) | |
| JOE ALLBAUGH, individually, | ) | |
| and SCOTT CROW, Director, | ) | |
| Oklahoma Department of Corrections,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 29] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends granting Defendant's Motion to Dismiss [Doc. No. 23] because the Complaint fails to state a claim under 42 U.S.C. § 1983 on which relief can be granted. Specifically, Judge Purcell finds that the Eleventh Amendment bars Plaintiff's § 1983 claim against Defendant Joe Allbaugh in his official capacity; that the Complaint fails to a § 1983 claim against Defendant Allbaugh in his individual capacity because no factual allegations show his personal participation in any constitutional violation or any basis for supervisory liability; and that Defendant Allbaugh in entitled to qualified immunity.

---

[1] To the extent Plaintiff sues Joe Allbaugh in his official capacity as Director of the Oklahoma Department of Corrections, the Court takes judicial notice of his replacement by Scott Crow and automatically substitutes the current director pursuant to Fed. R. Civ. P. 25(d).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has filed a timely Objection [Doc. No. 30]. Thus, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).[2]

Plaintiff brings this civil rights action to recover damages for an alleged violation of his First Amendment right of access to the courts during his incarceration by the Oklahoma Department of Corrections (DOC). Plaintiff claims the director of DOC at the time, Defendant Joe Allbaugh, acting in his individual and official capacities, prevented Plaintiff from petitioning the United States Supreme Court for a writ of certiorari in an earlier § 2241 habeas action regarding Plaintiff's 199-year prison sentence. *See Parker v. Allbaugh*, Case No. 18-cv-0232-JED-FHM (N.D. Okla. Oct. 22, 2018), *appeal dismissed*, No. 18-5115 (10th Cir. Jan. 16, 2019). Plaintiff was subject to filing restrictions imposed by the Supreme Court due to past abusive filings, and as a result, he was required file his petition in booklet format pursuant to Sup. Ct. R. 33.1. Plaintiff claims that DOC was required to accommodate his request for assistance in complying with that rule – either by providing an "adequate" law library equipped with a printing or copying machine that could prepare a booklet, or by paying a third-party vendor to provide

---

[2] Plaintiff has waived further review of all issues addressed by Judge Purcell that are not mentioned in the Objection, including the official-capacity suit. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

the service – and that the failure to do so caused him to lose a nonfrivolous habeas case, in violation of his clearly established right of meaningful access to the courts.

Upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court finds itself in complete agreement with Judge Purcell's findings and conclusions. For the reasons fully explained in the Report, the Court finds that the Complaint fails to state a plausible § 1983 claim against Defendant Allbaugh. In fact, Plaintiff "admits that his complaint never expressly alleged that the defendant personally participated in any of the actions and events underlying his claim." *See* Obj. at 5. Plaintiff argues, however, that he should be allowed to amend his pleading to cure this defect, apparently on the theory that a grievance appeal provided Defendant Allbaugh notice of the problem and he "was the only person with authority to change or [make] an exception to the ODOC's access to the courts policy" regarding booklet printing. *Id*. The Court finds these conclusory allegations are insufficient to state a § 1983 claim against Defendant Allbaugh and to overcome his qualified immunity defense.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 29] is ADOPTED in its entirety and Defendant's Motion to Dismiss [Doc. No. 23] is GRANTED. Plaintiff's official-capacity action is dismissed without prejudice; Plaintiff's individual-capacity action against Defendant Allbaugh is dismissed with prejudice. A separate judgment shall be entered accordingly.

**IT IS SO ORDERED** this 14th day of November 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge